The Honorable Jim Hudson Prosecuting Attorney Miller County Courthouse Fourth and Laurel Avenue Texarkana, AR 75501
Dear Mr. Hudson:
This is in response to your request for an opinion on the following question:
 Does Act 445 of 1973 allow and permit new road construction outside of the municipality?
You indicate in your correspondence that Miller County is attempting to build a new road rerouting an older road and that objections have been raised by property owners concerning, in part, the use of state funds.
I assume by your reference to Act 445 of 1973 that the state funds in question are on deposit in the State Aid Road Fund which was created pursuant to Section 13 of Act 445, as amended. See A.C.A.27-72-305. It is my opinion that the use of state funds in this regard is proper if the road in question if a state aid-designated road within Miller County. See A.C.A. 27-70-103. Section 1 of Act 445 of 1973, as amended, specifies the use of this state aid as follows:
 Funds deposited in the State Aid Road Fund shall be used exclusively for the construction, reconstruction, and improvements of roads on the state aid road system except as otherwise provided in this subchapter.
A.C.A. 27-72-312(a).
The definitional section of Act 445 of 1973 (A.C.A. 27-72-301) offers further guidance wherein it defines the terms "state aid roads," "construction", "reconstruction" and "improvement" as follows:
 (1) `State aid roads means that classification of county roads, including bridges and ferries, composing the major collector and minor collector routes feeding into local trade areas or into the state highway system, which are not designated as state highways, and particularly those essential to the conservation and development of natural resources, of economic and social value and encouraging desirable land utilization, having in addition one (1) or more of the following characteristics:
 (A) They extend to the larger communities including all incorporated towns;
 (B) They connect with roads of major importance in adjoining counties;
 (C) They connect with state highways to form a complete network of main feeder roads;
 (D) They carry heavy volumes of traffic serving major business and agricultural interests of the county;
 (E) They collect traffic at reasonable intervals from several local roads.
* * *
 (5) `Construction,' `reconstruction,' or `improvement' means any proposal submitted by a county court which meets the definition of betterment as opposed to maintenance.
The term "betterment" is defined under 27-72-301(4) as "any construction or reconstruction on a state aid-designated road which results in an improvement which exceeds or equals any previous improvement. . . ."
The fact that the road in question is outside the municipality would not appear to be dispositive in light of the foregoing definition of "state aid roads." While the state aid system of roads may include municipal streets (see A.C.A. 27-72-302(b)), a road outside of a municipal may satisfy one of the characteristics specified in 27-72-301(1).
The rerouting of an older road would, moreover, reasonably qualify as "construction," "reconstruction", or "improvement". The following definition of "state aid" under 27-72-301(2) further supports this conclusion.
"State aid" by way of funds to be expended on state aid roads, means any sum or sums provided by the General Assembly to supplement funds furnished by the several counties for the purpose of constructing, improving, widening, straightening, surfacing, or reconstructing roads on the state aid system. . . .
In conclusion, therefore, it is my opinion that Act 445 of 1973 does permit new road construction outside of the municipality. The various requirements of that Act must be consulted, however, in order to determine whether the use of state funds thereunder is appropriate in connection with any particular road.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.